**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ELDREAMA ELERSON,

    Plaintiff,

v.                                          Case No. 05-73419

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                     /

**OPINION AND ORDER DENYING DEFENDANT'S OBJECTIONS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On October 30, 2006, Magistrate Judge Mona Majzoub issued a Report and Recommendation in the above-captioned matter, recommending that the court enter summary judgment in favor of Plaintiff Eldreama Elerson, and remand the case for further proceedings. On November 20, 2006, Defendant Commissioner of Social Security (the "Commissioner") filed timely objections to the Magistrate Judge's report and recommendation. The court will deny Defendant's objections, adopt the report and recommendation, grant Plaintiff's motion for summary judgment, deny Defendant's motion for summary judgment, and remand the case to the Commissioner.

**I.  STANDARD**

**A. Substantial Evidence Standard**

Under 42 U.S.C. § 405(g), the findings of fact of the Commissioner are conclusive if supported by substantial evidence. When the Appeals Council declines review, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per

curiam). Judicial review when the Appeals Council declines to hear an appeal of the denial of benefits is limited to the record and evidence before the ALJ. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Thus, in this case, the court's review of the ALJ's decision "is limited to determining whether the [ALJ's] findings are supported by substantial evidence and whether [he] employed the proper legal standards in reaching [his] conclusion." *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. The court must uphold the ALJ's finding if supported by substantial evidence. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, 889 F.2d at 681. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire record, not just what the ALJ cited. *Heston v. Commissioner of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Judicial review of the Secretary's findings must be based on the record as a whole. Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council.").

### B. Timely Objections and *De Novo* Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations

to which objection is made." 28 U.S.C. § 636(b)(1); *see United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II. DISCUSSION

In her report and recommendation, the Magistrate Judge recommended that the court remand for two reasons: (1) the ALJ did not adequately discuss his "reasoning for determining whether or not Plaintiff meets the Listing 11.09 as a result of her multiple sclerosis," (R&R at 20), and (2) the ALJ's negative credibility determination was not

supported by substantial evidence because the ALJ 's decision lacked specificity, (*id* at 16-19).  The Magistrate Judge therefore recommended that the court remand the case so that the ALJ could make more detailed findings with respect to both of these determinations.  In Defendant's objections, she expressly does not object to the recommendation to remand for a more detailed credibility explanation, but she does object to the other reason the Magistrate Judge recommended remand, that is, for the ALJ to more thoroughly discuss the criteria set forth in Listing 11.09 and whether Plaintiff's condition renders her disabled.  (Def.'s Obj. at 1-2.)

In her report and recommendation, the Magistrate Judge began by finding that the ALJ correctly followed the requisite five-step sequential analysis which applies to determinations of disability.  (R&R at 13.)  The Magistrate Judge, however, found that the ALJ's determination at Step 3, which requires a plaintiff to establish that her impairment met or was medically equal to a listed impairment, was not sufficiently detailed to allow the court to conduct a meaningful judicial review of this case.  (*Id.* at 15.)  Specifically, the ALJ's finding at Step 3 stated simply, "The medical evidence indicates that the claimant [sic] these impairments are 'severe' within the meaning of the Regulations, but not sufficiently severe to meet or medically equal the criteria of any condition set forth in the Medical Listings."  (Tr. at 19.)  Based on the brevity of this conclusory statement, and the failure to reference or otherwise discuss Listing 11.09, which specifically relates to multiple sclerosis, the Magistrate Judge found that "the [c]ourt cannot determine why the ALJ made the determination that he did or whether that determination was legally proper.  The case must therefore be remanded pursuant

4

to the fourth sentence of 42 U.S.C. § 405(g) so that the ALJ may clarify the record."

(R&R at 16 (citing *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).)

The court finds that the Magistrate Judge's reliance on *Clifton* was proper under the facts of this case. In *Clifton*, the Tenth Circuit remanded a case the Social Security Administration because of the ALJ's failure to sufficiently articulate his reasons for finding the claimant not disabled at Step 3, stating:

> In this case, the ALJ did not discuss the evidence or his reasons for determining that appellant was not disabled at step three, or even identify the relevant Listing or Listings; he merely stated a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment. Appellant's App. at 18-19. Such a bare conclusion is beyond meaningful judicial review. Under the Social Security Act,
>
>> [t]he Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.
>
> 42 U.S.C. 405(b)(1). Under this statute, the ALJ was required to discuss the evidence and explain why he found that appellant was not disabled at step three. *Cook v. Heckler*, 783 F.2d 1168, 1172-73 (4th Cir.1986); see also *Brown v. Bowen*, 794 F.2d 703, 708 (D.C.Cir.1986) (relying upon 20 C.F.R. 404.953 and 5 U.S.C. 557(c)[ (3)(A) ] to hold that an ALJ must explain his adverse decisions).

*Clifton*, 79 F.3d at 1009. The court finds the Tenth Circuit's reasoning persuasive in this case, where the ALJ provided no explanation for his determination that Plaintiff was not disabled at Step 3.

Defendant argues that the Magistrate Judge improperly relied on *Clifton*, claiming that it sets forth a Tenth Circuit standard which has never been adopted in the Sixth

5

Circuit. (Def.'s Obj. at 2.) Defendant asserts that the Sixth Circuit applies a contrary standard. As evidence, Defendant cites *Price v. Heckler*, 7676 F.2d 281, 284 (6th Cir. 1985), for its purported holding that minimal articulation is required at Step 3. Having reviewed *Price*, however, the court does not agree that this is its holding. In *Price,* the Sixth Circuit stated:

> Whether Price met the strict standard for widow's benefits is a close question. The question being close, however, persuades us that we should not disturb the findings of the ALJ. Although the ALJ's findings of fact could have been stated with more particularity, we are not persuaded that his findings are legally insufficient.

*Price,* 767 F.2d at 284. Thus, *Price* only stands for the general proposition that, when the question is close, the court will not disturb the findings of the ALJ even when the findings could have been stated with greater particularity.

Moreover, even if *Price* did stand for the proposition that in some cases minimal articulation is sufficient, *Price* is nonetheless distinguishable from this case for two reasons. First, this case is not a review of a claim for widow's benefits, in which a claimant carries a higher burden. Indeed, the Sixth Circuit's holding was based in large part on Price's "strict standard for widow's benefits." *Id.* The *Price* Court expressly acknowledged:

> Our conclusion as to the adequacy of the findings and as to disability might well be different if claimant were a wage earner subject to the more liberal substantial gainful activity test. In our circuit, when a claimant cannot perform his previous work, the burden shifts to the Secretary to bring forth evidence of available employment compatible with claimant's limitations. *Vaughn v. Finch,* 431 F.2d 997, 998 (6th Cir.1970). *In these cases, more particular findings may be necessary. See Zblewski v. Schweiker,* 732 F.2d 75 (7th Cir.1984).

*Id.* (emphasis added).

6

Second, unlike in *Price*, the court finds that the ALJ's analysis with respect to his Step 3 determination was *not* legally sufficient. It is not simply that his findings could have been explained with greater particularity, it is that they were not stated with any particularity. The court thus finds that, to the extent *Price* can be cited for the proposition that a detailed discussion of the relevant listing is not always required, it is inapplicable to the facts of this case.

Instead, the court finds that the Magistrate Judge reasonably cited *Clifton* as persuasive authority for her determination that the ALJ did not sufficiently explain his decision at Step 3. The ALJ's bare-bones statement that Plaintiff does not meet any condition set forth in the Medical Listings, in this case, did not adequately address or analyze Step 3. The ALJ's decision does not reference either the substance of Listing 11.09 or the specific listing itself. The court does not hold that an exhaustive analysis, or even citation, of particular listings is necessarily required in every case. Nonetheless, in this case, where the medical evidence so clearly implicated Listing 11.09, the ALJ should have given some indication that he considered the listing and some indication of his reasoning for rejecting it. Moreover, even if the court looks to the rest of the ALJ's decision, and his analysis of the medical evidence, the ALJ's recitation of the medical evidence cannot be reasonably construed to address all of the sub-parts of Listing 11.09. Thus, the court is simply without an adequate record to determine if the ALJ's decision is supported by substantial evidence. This is particularly true given the fact that the ALJ's credibility determination was not sufficiently explained, and much of Plaintiff's claim will hinge on her personal assertions of her limitations.

The Third and Seventh Circuits, citing *Clifton*, have also held that in such circumstances remand is appropriate:

> As to Burnett's first contention, this Court requires the ALJ to set forth the reasons for his decision. *See Cotter v. Harris,* 642 F.2d 700, 704-05 (3rd Cir.1981). In *Clifton v. Chater,* 79 F.3d 1007 (10th Cir.1996), the Tenth Circuit Court of Appeals set aside an ALJ's determination because the ALJ "merely stated a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment," without identifying the relevant listed impairments, discussing the evidence, or explaining his reasoning. *Id.* at 1009. The Court concluded "[s]uch a bare conclusion is beyond meaningful judicial review." *Id. But see Senne v. Apfel,* 198 F.3d 1065, 1067 (8th Cir.1999) (rejecting claimant's argument that the conclusory form of the ALJ's decision alone justified remand, but remanding nonetheless because the court could not conclude the ALJ's step three finding was supported by substantial evidence). We agree with Burnett the ALJ's conclusory statement in this case is similarly beyond meaningful judicial review. *Cf. Knepp v. Apfel,* 204 F.3d 78, 84 (3rd Cir. 2000) (affirming where ALJ gave reasons for determining claimant's impairment was not equivalent to a listed impairment cited by medical witness at hearing). Because we have no way to review the ALJ's hopelessly inadequate step three ruling, we will vacate and remand the case for a discussion of the evidence and an explanation of reasoning supporting a determination that Burnett's "severe" impairment does not meet or is not equivalent to a listed impairment.

*Burnett v. Commissioner of Social Sec. Admin.,* 220 F.3d 112, 119-20 (3rd Cir. 2000); *see also Scott v. Barnhart,* 297 F.3d 589, 596 (7th Cir. 2002) ("Without meaningful analysis from the ALJ regarding this evidence, the parties have been left to dispute before this court the significance of the different diagnoses in light of Listing 112.05, and we are left with a record that does not permit us to engage in the meaningful, albeit deferential, review that the statute mandates.").

As the Magistrate Judge noted, sufficient specificity is required by Social Security Ruling ("SSR") 82-62, which states that "[t]he rationale for a disability decision must be written so that a clear picture of the case can be obtained. The

8

rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion." Social Security Ruling 82-62, 1982 WL 31386, *4 .

Indeed, the Sixth Circuit has heavily cited SSR 82-62 in rejecting an ALJ's determination at Steps 4 & 5 of disability analysis. *See Bailey v. Commissioner of Social Sec.*, No. 98-3061 1999 WL 96920, *4 (6th Cir. Feb. 2, 1999).[1] In *Bailey*, the court explained:

> It is well established that substantial deference must be afforded to agency interpretations, decisions, and rulings. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844 (1984). To be entitled to substantial deference, however, agency rulings must clearly articulate the rationale underlying the decision. *See Hurst v. Secretary of Health & Human Servs.,* 753 F .2d 517, 519 (6th Cir.1985). After review of the record and the ALJ's decision, we conclude that substantial evidence does not exist to support the conclusion that Bailey can perform her past relevant work.
>
> In *Hurst,* this court discussed the articulation necessary to support an ALJ's decision regarding disability benefits. We noted "[i]t is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is *absolutely essential* for meaningful appellate review" *Hurst,* 753 F.2d at 519 (quoting *Zblewski v. Schweiker,* 732 F.2d 75, 78 (7th Cir.1984)). Thus, an ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes.

*Bailey*, 1999 WL 96920, at *3-4. The Sixth Circuit has also employed similar reasoning in remanding "Commissioner's decisions when they have failed to articulate 'good reasons' for not crediting the opinion of a treating source, as § 1527(d)(2) requires."

---

[1]Although unpublished decisions in the Sixth Circuit are not binding precedent, s*ee Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir 1996) (Unpublished opinions "carry no precedential weight [and] . . . have no binding effect on anyone other than the parties to the action."), their reasoning may be "instructive" or helpful. *See Combs v. Int'l Ins. Co.* 354 F.3d 568, 593 (6th Cir. 2004) ("Although *Willits* [*v. Peabody Coal Co.*, 188 F.3d 510, 1999 WL 701916 (6th Cir. Sept. 1, 1999)] is an unpublished opinion, its reasoning is instructive.").

*Wilson v. Commissioner of Social Sec.*, 378 F.3d 541, 545 (6th Cir. 2004) (citations omitted). In *Wilson*, the Sixth Circuit held that "[a] court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely." *Id.* at 546 (6th Cir. 2004).[2]

Although the court may look to any evidence in the record to support a finding by the ALJ, *Heston*, 245 F.3d at 535, the court's review of the ALJ's decision "is limited to determining whether the [ALJ's] findings are supported by substantial evidence and whether [he] employed the proper legal standards in reaching [his] conclusion." *Brainard*, 889 F.2d at 681 (citation omitted). As the Magistrate Judge concluded, the court can simply not perform this review based on minimal explanation provided by the ALJ. Accordingly, the court will remand the case to the Commissioner for further proceedings consistent with this opinion and the Magistrate Judge's report. *Faucher v. Secretary of Health and Human Services,* 17 F.3d 171, 175-76 (6th Cir. 1994) ("[W]hen the Secretary misapplies the regulations or when there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration.").

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's objections [Dkt. # 25] are DENIED and the Magistrate Judge's October 30, 2006 report and

---

[2]The court therefore rejects Defendant's argument that, in any event, remand is not appropriate because there is insufficient evidence to support a finding that Plaintiff meets or equals the listing for multiple sclerosis.

10

recommendation [Dkt. # 22] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment [Dkt. # 16] is DENIED and Plaintiff's motion for summary judgment [Dkt. # 11] is GRANTED.

Finally, IT IS ORDERED that this case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this opinion and the Magistrate Judge's report.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  December 28, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 28, 2006, by electronic and/or ordinary mail.

      s/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522